IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIRGINIA G. STUNTEBECK, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -against- | ) | Civil Action No.: |
| | ) | |
| JANSSEN RESEARCH & | ) | |
| DEVELOPMENT, LLC f/k/a JOHNSON | ) | |
| AND JOHNSON PHARMACEUTICAL | ) | |
| RESEARCH AND DEVELOPMENT | ) | |
| LLC.; JANSSEN ORTHO, LLC, | ) | |
| JANSSEN PHARMACEUTICALS, INC. | ) | |
| f/k/a JANSSEN PHARMACEUTICA | ) | |
| INC., f/k/a ORTHO-MCNEIL-JANSSEN | ) | |
| PHARMACEUTICALS, INC., BAYER | ) | |
| CORPORATION, BAYER AG, | ) | |
| BAYER HEALTHCARE LLC, and | ) | |
| BAYER HEALTHCARE | ) | |
| PHARMACEUTICALS, INC., and | ) | |
| JOHN DOES 1-100, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Without submitting to the jurisdiction of this Court and without waiving any available

defenses, Janssen Ortho, LLC ("Removing Defendant"), by counsel, and pursuant to 28

U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Court of Common pleas

of Philadelphia County, Pennsylvania to the United States District Court for the Eastern

District of Pennsylvania.  In support of this Notice of Removal, Removing Defendant states as

follows:

## I.    THE REMOVED CASE

    1.     On or about February 18, 2014, Plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, bearing Docket No. 140201754. A true and correct copy of the Complaint is attached hereto as **Exhibit A**. Removing Defendant has not been served as of this date, and accordingly, no other order or pleadings have been served upon it.

    2.     In this product liability action, Plaintiff seeks damages for alleged injuries she claims resulted from her alleged ingestion of Xarelto®, a prescription medication. *See* Compl. ¶ 48.

    3.     Removing Defendant asserts that Plaintiff's Complaint is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. The action may be removed pursuant to 28 U.S.C. § 1441 because (i) there is complete diversity of citizenship between the Plaintiff and all named Defendants pursuant to 28 U.S.C. § 1332(c)(1), and (ii) this case satisfies the amount in controversy requirement set forth in 28 U.S.C. § 1332(a).

## II.    DIVERSITY OF CITIZENSHIP

### A.    There is Complete Diversity of Citizenship between the Parties.

    4.     The Complaint alleges that "Plaintiff, Virginia Stuntebeck, at all times relevant hereto, was, and currently is, a resident and citizen of the State of Kentucky." *See* Compl. ¶ 1. Accordingly, Plaintiff is a citizen of Kentucky for purposes of determining diversity of citizenship.

    5.     Defendant Janssen Research & Development, LLC is, and was at the time

Plaintiff commenced this action, a limited liability company organized under the laws of New Jersey with its principal place of business located in Raritan, New Jersey. Its sole member, Janssen Pharmaceuticals, Inc., is a Pennsylvania corporation with its principal place of business in New Jersey. Accordingly, Janssen Research & Development, LLC is a citizen of Pennsylvania and New Jersey for purposes of determining diversity under 28 U.S.C. § 1332(c)(1). Janssen Research & Development, LLC has not been served with this lawsuit as of this date.

6.     Defendant Janssen Ortho, LLC is, and was at the time Plaintiff commenced this action, incorporated in Delaware with its principal place of business located in Gurabo, Puerto Rico. The only member of Janssen Ortho, LLC is OMJ PR Holdings, incorporated in Ireland with a principal place of business in Puerto Rico. Accordingly, Janssen Ortho, LLC is a citizen of Delaware, Ireland and Puerto Rico for purposes of determining diversity under 28 U.S.C. § 1332(c)(1). Janssen Ortho, LLC has not been served with this lawsuit as of this date.

7.     Defendant Janssen Pharmaceuticals, Inc. is, and was at the time Plaintiff commenced this action, a Pennsylvania corporation, with its principal place of business located in New Jersey. Accordingly, Janssen Pharmaceuticals, Inc. is a citizen of Pennsylvania and New Jersey for purposes of determining diversity under 28 U.S.C. § 1332(c)(1). Janssen Pharmaceuticals, Inc. has not been served with this lawsuit as of this date.

8.     Defendant Bayer Corporation is, and was at the time Plaintiff commenced this action, incorporated in Indiana with its principal place of business located in Pennsylvania. Accordingly, Bayer Corporation is a citizen of Indiana and Pennsylvania for purposes of determining diversity under 28 U.S.C. § 1332(c)(1). Bayer Corporation has not been served

with this lawsuit as of this date.

9.     Defendant Bayer AG is, and was at the time Plaintiff commenced this action, a German corporation with its principal place of business located in Leverkusen, Germany. Accordingly, Bayer AG is a citizen of Germany for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).  Bayer AG has not been served with this lawsuit as of this date.

10.    Defendant Bayer Healthcare LLC is, and was at the time Plaintiff commenced this action, a Delaware corporation, with its principal place of business located in New Jersey, Pennsylvania.  Accordingly, Bayer Healthcare LLC is a citizen of Delaware and New Jersey for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).   Bayer Healthcare LLC has not been served with this lawsuit as of this date.

11.    Defendant Bayer Healthcare Pharmaceuticals, Inc. is a Delaware corporation with its principal place of business in New Jersey.  Accordingly, Bayer Healthcare Pharmaceuticals, Inc. is a citizen of Delaware and New Jersey for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).  Bayer Healthcare Pharmaceuticals, Inc. has not been served with this lawsuit as of this date.

12.    Accordingly, this action involves "citizens of different States."  28 U.S.C. § 1332(a)(1)-(2).  Because Plaintiff is a Kentucky citizen and no defendant properly joined and served is a citizen of the State of Kentucky, removal of this action is proper under 28 U.S.C. § 1441(b).  *See Hayfield v. Home Depot U.S.A., Inc.*, 168 F. Supp. 2d 436, 445 (E.D. Pa. 2001).

**B.    The Presence of Pennsylvania Defendants Does Not Preclude Removal Because Those Defendants Have Not Been Served.**

13.    Because Janssen Research & Development, LLC, Janssen Pharmaceuticals,

Inc., Bayer Corporation, Bayer AG, Bayer Healthcare LLC and Bayer Healthcare Pharmaceuticals, Inc. have not been properly served, Removing Defendant is not precluded from removing this case under 28 U.S.C. § 1441(b).  *See Boyer v. Wyeth Pharmaceuticals, Inc.*, Case No. 12-739, 2012 WL 1439081, at \*4-7 (E.D. Pa. April 25, 2012) (concluding that "[t]he propriety of pre-service removal has been recognized. . . . [T]he removal statutes expressly permit defendants to remove state court actions to federal court prior to service."); *Roosevelt Banks v. Kmart Corp.*, Case No. 12-607, 2012 U.S. Dist. LEXIS 29344, at \*6 (E.D. Pa. Mar. 6, 2012) ("Under the unambiguous language of § 1441(b), the presence of an un-served forum defendant does not prohibit removal by a non-forum defendant in cases where complete diversity exists."); *Vanderwerf v. GlaxoSmithKline, PLC*, Case No. 05-1315, 2005 WL 6151369, at \*1 (E.D. Pa. May 5, 2005) (holding that the presence of an unserved defendant with residence in the forum state does not defeat removal where there is complete diversity of citizenship).

**C.     The Amount-In-Controversy Requirement is Satisfied.**

14.     The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

15.     Plaintiff alleges that as a result of ingesting Xarelto®, she "suffered severe internal and gastrointestinal bleeding" and was hospitalized for several days.  *See Compl.* ¶ 48. Plaintiff also claims that, as a result of the wrongful acts of the Defendants, she has experienced severe, grievous and irreparable bodily injury, and suffered and will continue to

suffer "great pain of body and mind," "embarrassment and humiliation," loss of enjoyment of life, permanent impairment to her earning capacity, and medical expenses. *See* Compl. ¶ 90.

16.     In this case, it is facially apparent from Plaintiff's Complaint that the amount in controversy exceeds the jurisdictional minimum. In her Complaint, Plaintiff alleges that the amount of damages, exclusive of interests and costs, exceeds $50,000.00. Plaintiff seeks as damages "past, present and future economic expenditures," lost wages, as well as actual and punitive damages. *See* Compl. ¶¶ 134-142, and Wherefore Clause. Given the nature and extent of damages alleged by Plaintiff, and considering her requests for relief, it is clear that the finder of fact could conclude that Plaintiff is entitled to damages in excess of $75,000.

17.     Furthermore, federal courts in the Third Circuit have held that the amount in controversy exceeded jurisdictional requirements based on allegations of damages similar to the ones made by Plaintiff in this case. In *Varzally v. Sears, Roebuck & Co.*, the district court held that the amount-in-controversy requirement was met when the plaintiff sought an unspecified amount of damages for lost wages and "ongoing 'medical problems'" suffered as a result of his injuries. No. 09-CV-6137, 2010 WL 3212482, at *2 (E.D. Pa. July 30, 2010). The court held similarly in *Ciancaglione v. Sutherlin*, where the plaintiff alleged that he suffered temporary and permanent physical injuries, required medical care, and sought compensatory and punitive damages. No. 04-CV-2249, 2004 WL 2040342, at *2 (Sep. 13, 2004). Likewise, here, Plaintiff alleges that Defendants' conduct caused her to (1) suffer "severe and irreparable bodily injury"; (2) endure "great embarrassment and humiliation," and the loss of enjoyment of life; (3) incur current and future medical expenses; and (4) lose wages and future earning capacity. *See* Compl. ¶¶ 90 and 134-142. These allegations

establish that the amount-in-controversy requirement is satisfied.

18.    Although Removing Defendant denies any liability to Plaintiff, the Complaint's allegations and request for damages plainly place more than $75,000 in controversy.  Pennsylvania juries in product liability cases routinely render verdicts in excess of $75,000, exclusive of interest and costs.  *See, e.g., Straub v. Cherne Indus.*, 880 A.2d 561 (Pa. 2005) (reversing Superior Court's decision to vacate jury's verdict of $5,411,781.98 in product liability action); *Stewart v. Owens-Corning Fiberglas Corp.*, 806 A.2d 34 (Pa. 2002) (affirming jury's award of $501,700 in product liability action).

19.    Other federal courts have concluded that the amount in controversy exceeded $75,000 in similar pharmaceutical cases.  *See, e.g., Smith v. Wyeth, Inc.*, 488 F. Supp. 2d 625, 630-31 (W.D. Ky. 2007) (denying motion to remand); *Fisher v. Pelstring*, No. 4:09-25-TLW-TER (D.S.C. Sep. 29, 2009) (order denying motion to remand); *Cousins v. Wyeth Pharm., Inc., et al.*, No. 3:08-CV-00310-N (N.D. Tex. Apr. 18, 2008) (order denying motion to remand).  Other cases have also been successfully removed to federal court.  *Russell v. Schwarz Pharma, Inc., et al.*, No 2:09-CV-01181-RTR (E.D. Wisc. Dec. 23, 2009) (notice of removal filed); *Pustejovsky v. Wyeth, Inc., et al.*, No. 4:07-CV-00103-Y (N.D. Tex. Feb. 13, 2007) (notice of removal filed).

20.    Accordingly, it is clear in this case that the amount in controversy exceeds $75,000, exclusive of interests and costs.

**D.    The Other Prerequisites for Removal Have Been Satisfied.**

21.    In addition to satisfying the requirements of diversity jurisdiction, Removing Defendant has satisfied all other requirements for removal.

22.     This notice is filed within one year of the commencement of this action. Because none of the named Defendants have been served with the Complaint, this notice of removal is timely pursuant to 28 U.S.C. § 1441(b).  Upon information and belief, Defendants in this action consent to removal.

23.     Venue of this removal is proper under 28 U.S.C. § 1441(a) to the Eastern District of Pennsylvania because the Court of Common Pleas of Philadelphia County is within the Eastern District of Pennsylvania.

24.     In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal has been provided promptly to the Clerk of the Court of Common Pleas of Philadelphia County and to Plaintiff.  A copy of the written Notice of Filing is attached hereto as **Exhibit B.**

**WHEREFORE,** Removing Defendant gives notice that the matter bearing Case No. 140201754 in the Court of Common Pleas of Philadelphia County, Pennsylvania, is removed to the United States District Court for the Eastern District of Pennsylvania, and request that this Court retain jurisdiction for all further proceedings in this matter.

Dated: February 24, 2014

OF COUNSEL:

Susan M. Sharko
DRINKER BIDDLE & REATH LLP
500 Campus Drive
Florham Park, NJ 07932
Tel: (973) 549-7000
Fax: (973) 360-9831
E-mail: Susan.Sharko@dbr.com

Michael W. McTigue, Jr. (PA Bar ID 69548)
DRINKER BIDDLE & REATH, LLP
One Logan Square, Suite 2000
Philadelphia, Pennsylvania 19103-6996
Tel:  (215) 988-2742
Fax:  (215) 988-2757
Email: Michael.McTigue@dbr.com

Attorneys for Defendant Janssen Ortho, LLC

- 8 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of February, 2014, a copy of the

foregoing document was sent via First Class Mail to the following counsel of record:

W. Steven Berman, Esq.
Napoli Bern Ripka Shkolnik, LLP
One Greentree Center, Suite 201
Marlton, NJ 08053
Tel: (212) 267-3700

Michael W. McTigue, Jr.