UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIRGINIA G. STUNTEBECK,<br><br>                    Plaintiff,<br><br>v.<br><br>JANSSEN RESEARCH & DEVELOPMENT, LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC.; JANSSEN ORTHO, LLC, JANSSEN PHARMACEUTICALS, INC. f/k/a JANSSEN PHARMACEUTICA INC., f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., BAYER CORPORATION, BAYER AG, BAYER HEALTHCARE LLC, and BAYER HEALTHCARE PHARMACEUTICALS INC., and JOHN DOES 1-100,<br><br>                    Defendants. | C.A. No. 2:14-cv-01097-JHS<br><br>Jury Trial Demanded |

_____

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

_____

**NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP**
W. Steven Berman, Esquire (PA # 45927)
One Greentree Center, Suite 201
10,000 Lincoln Dr. East
Marlton, NJ 08053
856-988-5574 (P)
212-587-0031 (F)
Attorneys for Plaintiff

## I.     INTRODUCTION

Plaintiff Virginia G. Stuntebeck, (hereinafter "Plaintiff"), by and through counsel, respectfully moves to remand the Plaintiffs' Complaint to the Court of Common Pleas of Philadelphia County, where it was originally and properly filed, as the Defendant's removal violates 28 U.S.C.A. § 1441(b), the "forum defendant" rule and is otherwise procedurally infirm as all defendants have not joined in the removal.

As set forth more fully below, Defendant Janssen Ortho, LLC, the sole removing defendant, is attempting to skirt the forum defendant rule by removing prior to service of the Notice to Defend and Complaint.  However, the majority of courts to rule on this issue, including within this district, have held that a defendant may not circumvent the forum defendant rule by prematurely removing the action prior to service of the Complaint.  Thus, Plaintiff's Motion to Remand should be granted.

## II.     PROCEDURAL HISTORY & STATEMENT OF FACTS

Plaintiff initiated suit in the Complex Litigation Center of the Philadelphia Court of Common Pleas on February 18, 2014 under docket number 140201754 – February Term. (Docket Entry 1)[1].  The Complaint generally avers that Plaintiff, a citizen of Kentucky, was injured by ingesting Defendants' pharmaceutical Xeralto®, an anti-coagulant that caused her uncontrollable internal bleeding. Plaintiff timely issued process on February 19, 2014 by sending the pleadings to the Sheriff of Dauphin County via FedEx next day delivery for service upon Defendants Janssen Research & Development, LLC (hereinafter "Janssen R & D"), Janssen Pharmaceuticals, Inc. (hereinafter "Janssen Pharma."), Bayer Corp (hereinafter "Bayer"), Bayer

---

[1] All similar references are to entries on the federal docket of this case.

Healthcare, LLC (hereinafter "Bayer HC") and Bayer Healthcare Pharmaceuticals, LLP (hereinafter "Bayer HP"). (Docket Entry 8)[2]. Defendant Janssen Ortho, LLC, a reputed non-forum defendant, filed the present Notice of Removal on February 24, 2014. (Docket Entry 1; See ¶ 6). No other Defendant in this litigation signed the Notice of Removal nor even expressed joinder in the Notice by express permission. (Docket Entry 1; See p. 8). The Petition merely avers that "Upon information and belief, Defendants in this action consent to removal." (Docket Entry 1; See ¶ 22). The docket in this matter indicates that no Defendant has filed any document expressly joining the removal.

Personal service in accord with Pennsylvania state court practice was personally effected upon Janssen R & D and Janssen Pharma by the Sheriff of Dauphin County on February 25, 2014, the day after the Notice of Removal was filed. Personal service in accord with Pennsylvania state court practice was personally effected upon the Bayer defendants (except Bayer AG), by the Sheriff of Dauphin County on February 26, 2014, two days after the Notice of Removal was filed. Indisputably for purposes of the present motion, Janssen R & D and Janssen Pharma are citizens of Pennsylvania and thus forum defendants. (Docket Entry 1; See ¶¶ 5 and 7). Defendant Bayer is a corporation has its principal place of business in Pennsylvania, (Docket Entry 1; See ¶ 8), making it a citizen of Pennsylvania for federal jurisdictional purposes and thus a forum defendant. However, the Notice of Removal fails to properly identify the citizenship of Defendant Bayer Healthcare, LLC, improperly and wrongly claiming it to be a "Corporation"

---

[2] Janssen Ortho, LLC is in the process of being served in Delaware and Plaintiff awaits the Sheriff's Return of Service. Bayer A.G. is a nominal defendant located in Germany which has not been served. Bayer HP, reputedly a non-forum defendant, was served in Delaware, (See Docket Entry 7), but Plaintiff has yet to receive Return of Service.

with a principal place of business in New Jersey, when clearly it is not and cannot be, nor is there any identification of its member or members to properly establish federal jurisdiction.[3]

To be clear, the present matter is not a situation where non-forum defendants were served prior to service upon forum defendants. Rather, the forum defendants were served at the same time as the non-forum defendants, with the two groups of defendants subject to service in Pennsylvania – Bayer and Janssen – served a day apart. Removal was effectuated before any defendant could be served by sheriff in Pennsylvania by a non-forum defendant in a proverbial race to remove before service upon any defendant could be effectuated.

### III. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). A defendant seeking removal of an action must file a petition for removal with the district court within thirty days of plaintiff's service of the complaint upon defendant. *See* 28 U.S.C. § 1446(b). "The defendants bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements." *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990)); *see also Palmer v. Univ. of Med. and Dentistry of N.J.,* 605 F.Supp.2d 624, 627 (D.N.J.2009) ("A party opposing remand must show that removal was proper.").

Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. Remand to the state court is appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." *PAS v. Travelers Ins. Co.,* 7

---

[3] Without waiving this procedural defect, the Bayer Defendants' joint R 7.1 disclosure indicates that Bayer HC is a limited liability company whose sole member is Defendant Bayer, (Docket Entry 7; See ¶ 3), making it a citizen of Pennsylvania for federal jurisdictional purposes and thus a forum defendant.

F.3d 329, 352 (3d Cir.1993). Upon a motion to remand, "it is always the removing party's burden to prove the propriety of removal, and any doubts about the existence of federal jurisdiction must be resolved in favor of remand." *Lumbermans Mut. Cas. Co. v. Fishman,* No. CIV.A.99-929, 1999 WL 744016, at *1 (E.D.Pa. Sep. 22, 1999) (citing *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir.1992)); *see also Boyer,* 913 F.2d at 111 (The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand.") (quoting *Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3d Cir.1987)).

Defendants allege that this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, (Docket Entry 1, ¶ 3), which provides that a district court has jurisdiction over a civil action if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In order to remove a case where jurisdiction is predicated upon section 1332, diversity jurisdiction must be alleged at the time the complaint is filed and at the time of removal. *Gargiulo v. Dessauer*, 04–1206, 2004 WL 966240, at *2 (E.D.Pa. May 5, 2004) (Schiller, J.) (citing *Ellerbee v. Union Zinc, Inc.,* 881 F.Supp. 162, 164 (E.D.Pa.1995)). "A defendant seeking removal bears the burden of proving federal jurisdiction." See *Meritcare Inc. v. St. Paul Mercury Ins. Co*., 166 F.3d 214, 222 (3d Cir.1999).

Section 1446 further requires that all defendants "must join in or consent to the removal" of the action within 30 days of service of the complaint. 28 U.S.C. § 1446(b)(2) (A), (B). "The 'unanimity of consent' rule is satisfied where there is 'some timely filed written indication from each defendant, or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action.' " *Ellerbee,* 881 F.Supp. 162, 164 (quoting *Ogletree v. Barnes*, 851 F.Supp. 184, 188 (E.D.Pa.1994)). The Third Circuit has unambiguously held that in cases with multiple defendants, "all must join in the

removal petition." *Green v. Target Stores*, 305 F.Supp. 2d 448, 449 ( E.D.Pa. 2004) (quoting *Lewis v. Rego Co*., 757 F.2d 66 (3d Cir.1985)).

A defendant may effectively join the removal petition by (1) signing the removal notice; (2) filing his own notice; or (3) filing a written consent or joinder to the original notice with the federal court. See *Green*, 305 F.Supp. 2d at 450 (citing *Landman v. City of Bristol*, 896 F.Supp. 406 (E.D.Pa.1995)).  Filing an entry of Appearance or even an Answer to a Complaint is insufficient as a matter of law to constitute filing a joinder where, as in the instant matter, the entries of appearance are silent on the issue of removal joinder or do not expressly affirmative and unambiguous manifestation of consent to removal. *Leuzzi v. Dollar Tree stores, Inc*., 2005 WL 2972982, at *1 (E.D.Pa. 2005);  *McGuire v. Safeware, Inc*., 2013 WL 5272767, at *3 (E.D.Pa. 2013);  *Mitchell v. Paws Up Ranch*, LLC, 597 F.Supp.2d 1132 (D.Mont.2009); *Unicom Systems, Inc. v. National Louis University*, 262 F.Supp.2d 638 (E.D.Va.2003);  *Hicks v. Emery Worldwide, Inc*., 254 F.Supp.2d 968 (S.D.Ohio 2003).

Courts consistently have required each defendant to express its position to the court directly, and have held that one defendant's allegation that another defendant joins in removal is insufficient. See *Landman,* 896 F.Supp. at 409; *Granovsky v. Pfizer, In*c., 631 F.Supp.2d 554 (D.N.J.2009); *Frankston v. Denniston*, 376 F.Supp.2d 35 (D.Mass.2005)(Removal of action was not timely consented to and thus removal was improper when the alleged consent found in the notice of removal was based solely upon "information and belief"). "If all defendants do not join the removal petition within the thirty-day period, remand is the proper course." *Collins v. American Red Cross,* 724 F.Supp. 353, 359 (E.D.Pa.1989); *Balestrieri v. Bell Asbestos Minds, Ltd*., 544 F.Supp. 528, 529 (E.D.Pa.1982); *Crompton v. Park Ward Motors, Inc*., 477 F.Supp. 699, 701 (E.D.Pa.1979).

## IV.     ARGUMENT

### A.     The Forum Defendant Rule Applies And Mandates Remand to State Court

As previously set forth, it cannot be contested that at least one Defendant in the present matter is a resident or citizen of Pennsylvania and, thus, a forum defendant. As its jurisdictional predicate, the Notice of Removal invokes 28 U.S.C. § 1332 (a), which provides that a federal court has original jurisdiction over any civil action where the matter in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties. 28 U.S.C. § 1332 (a).

> The "purpose of diversity [jurisdiction] is to provide a separate forum for out-of-state citizens against the prejudices of local courts and local juries by making available to them the benefits and safeguards of the federal courts." S.Rep. No. 1830, 85th Cong., 2d Sess., reprinted in 1958 U.S.Code Cong. & Admin. News 3099, 3102. The forum defendant rule, 28 U.S.C. § 1441(b)(2), recognizes that "the rationale for diversity jurisdiction no longer exists" when one of the defendants is a citizen of the forum state since "the likelihood of local bias is reduced, if not eliminated." *Allen v. GlaxoSmithKline PLC*, No. 07–5045, 2008 WL 2247067, at *4 (E.D.Pa. May 30, 2008) (Baylson, J.).

*Swindell-Filiagg v. CSX Corp,* 922 F.Supp.2d 514, 518 (E.D.Pa. 2013); see also *McSparran v. Weist,* 402 F. 2d 867, 876 (3d Cir. 1968).  Under the forum defendant rule, a civil action that is "otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b).  The rule thus "precludes removal based on diversity where a defendant is a citizen of the forum state." Fields, 2007 WL 4365312 at *2; *Blackburn v. United Parcel Service, Inc.*, 179 F. 3d 81, 90 n. 3 (3d Cir. 1999); *Swindell-Filiagg,* 922 F.Supp.2d at 517.

Under 28 U.S.C. § 1447(c), a plaintiff may remand an action to state court if removal was "procedurally defective." *Swindell-Filiagg,* 922 F.Supp.2d at 517, citing *Snider v. Sterling*

*Airways, Inc.*, No. 12– 3054, 2013 WL 159813, at * 1 ( E.D.Pa. Jan. 15, 2013) (Joyner, C.J.). A removal is procedurally defective if, *inter alia*, it violates the "forum defendant rule." *Id.* Applying the forum defendant rule to the instant case, Defendant Janssen Ortho improperly sought removal based on diversity jurisdiction when at least one Defendant is a citizen of Pennsylvania and, therefore, a forum defendant in violation of 28 U.S.C. § 1441(b), *et seq*. As such, the Notice of Removal is procedurally defective and this case must be remanded.

   B. **The Forum Defendant Rule Cannot Be Evaded by Racing to Remove the Action Before Any Defendant Has Been Served**

Defendant Jenssen Ortho seeks to convince the court that this action is removable because no Pennsylvania defendant had been properly joined and served at the time the removal petition was filed. (Docket Entry 1, ¶ 13). This is not only a blatant misreading of the statute, but one which would lead to an absurd result and entirely circumvent the legislative intent underlying section 1441 (b), in defiance of established principles of statutory interpretation. *E.g., Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 575 (1982) ("It is true that interpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available."); *U.S. v. Am. Trucking Ass'ns*, 310 U.S. 534, 542 (1940) (stating that the courts' function in interpreting statutes "is to construe the language so as to give effect to the intent of Congress");

Section 1441 (b) (2) provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." "The purpose of "joined and served" language of that provision "is to avoid gamesmanship by preventing plaintiffs from joining forum defendants [whom they do not intend to serve] merely to preclude federal jurisdiction." *Allen v. GlaxoSmithKline PLC,* 2008 WL 2247067, *4 (E.D. Pa.

2008); *Swindell-Filiagg*, 922 F.Supp.2d at 518 (citations omitted). Nonetheless, defendants nationwide have invoked the "joined and served" language, contending that it allows them to evade the forum defendant rule by removing an action <u>before</u> the forum defendant has been served. *See, e.g., Sullivan v. Novartis Pharms. Corp., 575* F.Supp.2d 640, 644 (D.N.J.2008); *Jennings-Frye v. NYK Logistics Americas Inc.*, 2011 WL 642563, *3 (C.D. Cal. 2011); *Holmstrom v. Harad,* 2005 WL 1950672, *1 (N.D. Ill. Aug. 11, 2005); *Recognition Communications, Inc. v. American Auto. Ass'n, Inc.*, 1998 WL 119528 (N.D. Tex. March 5, 1998); *Oxendine v. Merck and Co., Inc.*, 236 F. Supp. 2d 517, 524-25 (D. M.D. 2002).

Although there is a split of authority, most of the district courts within the Third Circuit have squarely rejected Defendants' argument, and the "race to remove" generally, as improper gamesmanship by the defense bar. Here Defendants removed this action within days of it being filed. *See Sullivan v. Novartis Pharmaceuticals Corp.*, 575 F. Supp. 2d at 647 ("The result of blinding applying the plain 'properly joined and served' language of section 1441 (b) is to eviscerate the purpose of the forum defendant rule"); *Brown v. Organon Intern, Inc.*, 2008 WL 2833294, *5 (D. N.J. July 21, 2008) ("To apply the 'properly joined and served' language literally where an in-state defendant removes, would promote the same type of litigant gamesmanship that the rule seeks to limit, and thus violate the clear purpose of the legislative provision."). In *Fields v. Organon*, *USA Inc.*, 2007 WL 4365312, (D. N.J. 2007)), , for example, the court explained that:

> "[w]hile the plain language of § 1441 (b) would appear to encompass even situations where the removing party is the forum defendant, that interpretation leads to the untenable result that forum defendants can remove actions from state court as long as they do so before they are served . . . The result of blindly applying the plain 'properly joined and served' language of § 1441 (b) is to eviscerate the forum defendant rule . . . In other words, a literal interpretation of the provision creates an opportunity for

>gamesmanship by defendants, which could not have been the intent of the legislature[.]"

2007 WL 4365312 at *5. Similarly, in *Allen*, the district court held that "[t]here is no sound reason to conclude that the purpose of the "joined and served" requirement is to allow unserved, in-state defendants to remove the action, claiming that Section 1441(b) does not apply because removal occurred prior to service." 2008 WL 2247067 at *4. The court concluded that the defendant's proposed reading "controverts the logic and policy behind diversity jurisdiction." *Id.* The court reached the identical result stating that it "rejects any construction of § 1441(b) that would allow an in-state defendant to side-step the restrictive purpose of the forum defendant rule by 'racing to remove' before being served with process." *In re Avandia Mktg., Sales Practices & Products Liab. Litig.,* 624 F. Supp. 2d 396, 410 (E.D. Pa. 2009)(Rufe, J.); *Snider v. Sterling Airways, Inc.,* 2013 WL 159813, at * 2( E.D.Pa. 2013) (Joyner, C.J.); *Swindell-Filiagg*, 922 F.Supp.2d at 522-523 (citations omitted)(Baylson, J.); *contra Valido-Shade v. Wyeth*, LLC 875 F.Supp2d 474, 478 (E.D.Pa. 2012)(Bartle, J.); *Boyer v. Wyeth Pharma, Inc*. 2012 WL 1449246, at *2 (E.D.Pa. 2012)(Ludwig, J.); *Vanderwerf v. GlaxoSmithKline*, PLC. 2005 WL 6151369, at *1 (E.D.Pa. 2005)(McLaughlin, J.). In the Eastern District of Pennsylvania, "the weight of caselaw in this District" supports the position that that the plain meaning of the "joined and served" requirement should not be read literally when the non-forum defendant has not yet been served. *Swindell-Filiagg*, 922 F.Supp.2d at 520 (citations omitted)

Allowing any defendant to utilize section 1441 (b) as a mechanism to remove an action prior to receiving service of process would be to sanction the very gamesmanship that the statutory scheme is intended to guard against. See *Sullivan*, 575 F. Supp. 2d at 647; *Brown*, 2008 WL 2833294 at *5; *Fields*, 2007 WL 4365312 at *5; *In re Avandia Mktg., Sales Practices & Products Liab. Litig*, 624 F. Supp. 2d at 410. Here the suit was removed within six (6)days of

it being filed, after process had issued and one day before the first forum defendant was served. Thus, removal is improper and remand is warranted.

### C. No Served Defendant Timely Joined In The Removal Warranting Remand

As clearly reflected on the docket, no served defendant has joined in Janssen Ortho's removal. No defendant other than Janssen Ortho has signed the removal notice, filed its own notice nor filed a written consent or joinder to the original notice with the federal court as required by case-law interpreting the statute. See *Green*, 305 F.Supp. 2d at 450 (citing *Landman v. City of Bristol*, 896 F.Supp. 406 (E.D.Pa.1995)). Filing Entries of Appearance, as most of the other Defendants have done in this matter, is insufficient as a matter of law to constitute filing a joinder where, as in the instant matter, the entries of appearance are silent on the issue of removal joinder or do not expressly affirmative and unambiguous manifestation of consent to removal. *Leuzzi v. Dollar Tree stores, Inc.*, 2005 WL 2972982, at *1 (E.D.Pa. 2005); *McGuire v. Safeware, Inc.*, 2013 WL 5272767, at *3 (E.D.Pa. 2013).

Because all of the Defendants have not join the removal petition within the thirty-day period, the removal is procedurally defective and remand is the proper course. *Collins v. American Red Cross,* 724 F.Supp. at 359; *Balestrieri v. Bell Asbestos Minds, Ltd.*, 544 F.Supp. at 529; *Crompton v. Park Ward Motors, Inc.*, 477 F.Supp. at 701.

### V. <u>CONCLUSION</u>

Defendants include forum defendants and are therefore precluded from seeking removal on the basis of federal diversity jurisdiction. Moreover, as Defendants failed to meet their "heavy burden" of proving that this Court has jurisdiction over the instant action. Plaintiff

therefore requests that the Court grant her Motion to Remand and remand this action to the Superior Court.

Respectfully submitted,

**NAPOLI BERN RIPKA SHKOLNIK & ASSOC., LLP**

By: /s/ *W. Steven Berman*
W. Steven Berman, Esquire (PA # 45927)
One Greentree Center, Suite 201
10,000 Lincoln Dr. E.
Marlton, NJ 08053
856-988-5574
Email: wsberman@nkblaw.com
Attorneys for Plaintiff