UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIRGINIA G. STUNTEBECK,<br><br>Plaintiff,<br><br>v.<br><br>JANSSEN RESEARCH & DEVELOPMENT, LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC.; JANSSEN ORTHO, LLC, JANSSEN PHARMACEUTICALS, INC. f/k/a JANSSEN PHARMACEUTICA INC., f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., BAYER CORPORATION, BAYER AG, BAYER HEALTHCARE LLC, and BAYER HEALTHCARE PHARMACEUTICALS INC., and JOHN DOES 1-100,<br><br>Defendants. | C.A. No. 2:14-cv-01097-JHS<br><br>**Jury Trial Demanded** |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO REMAND**

NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP
W. Steven Berman, Esquire (PA # 45927)
One Greentree Center, Suite 201
10,000 Lincoln Dr. East
Marlton, NJ 08053
856-988-5574 (P)
212-587-0031 (F)
*Attorneys for Plaintiff*

1

## I.     INTRODUCTION

Plaintiff Virginia G. Stuntebeck, (hereinafter "Plaintiff"), by and through counsel, hereby submit her Brief in Reply to Defendant Janssen Ortho, LLC's, ("Removing Defendant")'s Opposition to Plaintiff's Motion to Remand.

Plaintiff initiated suit in the Complex Litigation Center of the Philadelphia Court of Common Pleas on February 18, 2014 under docket number 140201754 – February Term. (Docket Entry 1)[1]. Defendant Janssen Ortho, LLC, Removing Defendant, a reputed non-forum defendant, filed the present Notice of Removal on February 24, 2014, at which time process had issued but service had not been completed by the Sheriff of Dauphin County, through no fault of the Plaintiff. (Docket Entry 1; See ¶ 6 in Plaintiff's Motion to Remand). No other Defendant in this litigation signed the Notice of Removal nor even expressed joinder in the Notice by express permission. (Docket Entry 1; See p. 8). The Petition merely avers that "Upon information and belief, Defendants in this action consent to removal." (Docket Entry 1; See ¶ 22). There is no attempt in the removal papers to explain either the failure to obtain consent of all defendants who had notice of suit but had not been formerly served, such as Janssen Research & Development, LLC and Janssen Pharmaceuticals, Inc., all of whom are represented by the same counsel and must presumptively have had simultaneous notice. To date, the docket in this matter indicates that no Defendant has filed any document expressly joining the removal.

Plaintiff filed a timely Motion to Remand requesting that this case be returned to the Court of Common Pleas of Philadelphia County. Removing Defendant filed its Opposition to Plaintiff's Motion to Remand on April 14, 2014.

---

[1] All similar references are to entries on the federal docket of this case.

Plaintiff submits this Reply brief in response to Defendant's Opposition to Plaintiff's Motion to Remand and respectfully request that this Court immediately remand this action to the Court of Common Pleas of Philadelphia County, where it was properly filed.

## II.    ARGUMENTS

A.  The Forum Defendant Rule Applies and Mandates Remand to State Court

This Court is tasked with either honoring clear precedent avoiding the type of gamesmanship that has occurred in the removal of this matter, or, in the guise of applying the "plain language" approach argued by Removing Defendant, ignore the common sense underlying legislative intent of §1441(b).  It is well-settled doctrine that the "joined and served requirement is [written] to protect non-forum defendants in diversity cases from being deprived of their right of removal by plaintiffs fraudulently joining a forum defendant whom plaintiffs had no intention of servicing." *Allen v. GlaxoSmithKline PLC*, 2008 U.S. Dist. LEXIS 42491, *4 (E.D. Pa. 2008) (stating that the purpose of section 1441 [b] is "to avoid gamesmanship").  Here, as stated in Plaintiff's Motion to Remand, the present matter is not a situation where non-forum defendants were served prior to service upon forum defendants, nor a situation where Plaintiff had no intention of serving forum defendants- all Defendants aside from Bayer AG (a foreign defendant) have been served at this time.

Removing Defendant glaringly fails to acknowledge that the courts are split on this issue. Regardless, as discussed previously, most of the district courts within the Third Circuit have squarely rejected Removing Defendant's argument.  It is clear that the law favors remand when there is any doubt that a case should be removed.  In *Steel Valley Auth. V. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987), the court held that "removal statues are to be strictly construed against removal and all doubts should be resolved in favor of remand."  Additionally,

if "there is any doubt as to the propriety of removal, [the] case should not be removed to federal court." *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996).

It is equally clear that the purpose of 1441(b) is not to allow an improper premature removal. And that is what 1441(b) is being used for here. As stated in Plaintiffs' motion papers, by prematurely removing this case Removing Defendant utilizes this section the very way that Congress intended to guard against.

    B.  <u>The Unanimity Rule Prohibits Removal of This Action</u>

Removing Defendant does not dispute the general requirement of the "rule of unanimity" but misstates its exceptions and applicability to the present matter. It is well-established that all defendants must join in the notice of removal-often referred to as "the rule of unanimity." *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir.1995). There are three exceptions: (1) when the non-joining defendant or defendants are unknown or nominal parties; (2) where a defendant has been fraudulently joined; or (3) when a non-resident defendant has not been served at the time of removal. *Id.*, at 213 n. 4. If an exception is present, removal can be properly effectuated without the consent of all defendants. *Lewis v. Rego,* 757 F.2d 66, 68 (3d Cir.1985). However, absent an exception, the rule of unanimity requires that all defendants join in the notice of removal or give their consent within the thirty day period for the removal to be proper. *Landman v. Borough of Bristol*, 896 F.Supp. 406, 408 (E.D.Pa.1995); *Ogletree v. Barnes*, 851 F.Supp. 184, 186 (E.D.Pa.1994); *Prowell v. West Chem. Prod., Inc*., 678 F.Supp. 553, 554 (E.D.Pa.1988).*New York Reg'l Rail Corp. v. Bridges*, No. 06–44, 2006 WL 1722631, at *3 (D.N.J. June 30, 2006); Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction § 3731 (2d ed.1985).

Removing Defendant wrongly argues that that the third above-cited exception applies, but ignores the essential requirement that the non-joining and non-served defendant not be a non-resident defendant.  Two of the Bayer Defendants and two of the Janssen defendants are residents of Pennsylvania, as acknowledged in the removal petition itself.  Removing Defendant's  argument is simply inapposite and its attempt to read out a crucial element of the Third Circuit's exception should be explained.

Nor is Removing Defendant's reliance upon *Brown v. Jevic*, 575 F.3d 322, (3d Cir. 2009) availing.  In *Brown,* the court reversed a remand to state court, holding that a debtor-defendant who had not been served with process in violation of a bankruptcy stay did not need to consent to removal, and alternatively that fraudulent joinder, as a defendant in the state court class, of entity that had filed for bankruptcy and against whom plaintiff could not pursue any claims without violating the automatic stay issued in conjunction with bankruptcy, permitted the diverse non-debtor co-defendant to remove the case. The court agreed that a non-debtor defendant in a multi-defendant action may remove a case to federal court when the debtor defendant is not amenable to service of process,  Those facts have no application to the present matter nor, as Removing Defendant has trenchantly suggested, does *Brown* overrule the caselaw cited in Plaintiff's memorandum in chief.  Removing Defendant has failed to explain in its removal petition why the other defendants' were not notified of the removal in any attempt to obtain their consent, including the forum defendants nor why such consent was unnecessary. See *Leuzzi v. Dollar Tree Stores Inc.*, 2005 WL 2972982 (E. D. Pa. 2005). This is a fatal procedural defect warranting remand.

For the foregoing reasons, Plaintiff's Motion to Remand should be granted.

Respectfully submitted,

**NAPOLI BERN RIPKA SHKOLNIK & ASSOC., LLP**


By: /s/ *W. Steven Berman*
W. Steven Berman, Esquire (PA # 45927)
One Greentree Center, Suite 201
10,000 Lincoln Dr. E.
Marlton, NJ 08053
856-988-5574 (P)
212-587-0031 (F)
Email: wsberman@nkblaw.com
*Attorneys for Plaintiff*