IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VIRGINIA STUNTEBACK,

               Plaintiff,

    v.

JANSSEN RESEARCH & DEVELOPMENT,
LLC, f/k/a JOHNSON AND JOHNSON
PHARMACEUTICAL RESEARCH AND
DEVELOPMENT LLC, et al.,

               Defendants.

CIVIL ACTION
NO. 14-1097

## OPINION

**Slomsky, J.**                                                                     **June 9, 2014**

## I.  INTRODUCTION

On February 18, 2014, Plaintiff Virginia G. Stunteback ("Plaintiff") filed this product liability action in the Court of Common Pleas of Philadelphia, Pennsylvania.  In this case, Plaintiff has filed suit against seven named Defendants:  (1) Janssen Research & Development, LLC ("JRD")[1]; (2) Janssen Ortho, LLC; (3) Jansen Pharmaceuticals, Inc. ("JPI")[2]; (4) Bayer Corporation; (5) Bayer AG; (6) Bayer HealthCare LLC; and (7) Bayer HealthCare Pharmaceuticals Inc.[3]

---

[1] JRD is formerly known as Johnson and Johnson Pharmaceutical Research and Development LLC.  (Doc. No. 1-1 at ¶ 2.)

[2] JPI is formerly known as Janssen Pharmaceutical Inc., formerly known as Ortho-McNeil-Janssen Pharmaceuticals, Inc.  (Doc. No. 1-1 at ¶ 4.)

[3] Plaintiff also named as Defendants John Does 1-100.

On February 24, 2014, before any Defendant had been served with the Complaint, Defendant Janssen Ortho, LLC ("Removing Defendant") removed the case to this Court.[4] Removing Defendant contends that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Removing Defendant and the amount in controversy exceeds the required amount.  (Doc. No. 1 at ¶ 3.)

On March 26, 2014, Plaintiff filed a Motion to Remand the case to the Philadelphia Court of Common Pleas.  Plaintiff asserts that the removal violates 28 U.S.C. 1441(b), the "forum defendant" rule, and is otherwise procedurally infirm because all Defendants have not joined in the removal.  The Motion to Remand is now ripe for disposition.[5]

## II.     BACKGROUND

Plaintiff seeks damages for injuries allegedly caused by the prescription medication Xarelto, which is manufactured and distributed by Defendants.  (Doc. No. 1 at ¶ 2.)  Plaintiff is a resident and citizen of Kentucky.  (Id. at ¶ 4.)  Defendants are citizens of the following states: (1) JRD is a citizen of Pennsylvania and New Jersey (Id. at ¶ 5); (2) Removing Defendant Janssen Ortho, LLC is a citizen of Ireland and Puerto Rico (Doc. No. 13 at n. 2); (3) JPI is a citizen of Pennsylvania and New Jersey (Doc. No. 1 at ¶ 7); (4) Bayer Corporation is a citizen of Indiana and Pennsylvania (Id. at ¶ 8); (5) Bayer AG is a citizen of Germany (Id. at ¶ 9); (6) Bayer HealthCare LLC is a citizen of Indiana and Pennsylvania (Doc. No. 13 at n. 2); and (7) Bayer HealthCare Pharmaceuticals Inc. is a citizen of Delaware and New Jersey (Doc. No. 1 at    ¶ 11).  It is uncontested that Defendants JRD, JPI, and Bayer HealthCare LLC are citizens of

---

[4] A second case was filed against the same Defendants based on a similar set of underlying facts.  Defendants have also removed that case to this Court.  See Fontan v. Janssen, et al., 14-1097.

[5] In deciding the Motion to Remand, the Court considered the Notice of Removal (Doc. No. 1), the Complaint (Doc. No. 1-1), the Motion to Remand (Doc. No. 9), Defendants' Response (Doc. No. 13), and Plaintiff's Reply (Doc. No. 18).

Pennsylvania and are therefore "forum Defendants," that is, they are citizens of the state in which the action is brought.

On February 24, 2014, Removing Defendant, a non-forum Defendant, filed the Notice of Removal.  (Doc. No. 1).  No other Defendant actually signed the Notice of Removal or consented to joinder in the Notice.  The Notice of Removal states that "[u]pon information and belief, Defendants in this action consent to removal."  (Id. at ¶ 22.)

It is undisputed that none of the Defendants were served until after this action was removed to this Court on February 24, 2014.  On February 25, 2014, Defendants JRD and JPI were served.  (Doc. No. 13 at 7.)  On February 26, 2014, all Bayer Defendants, except for Bayer AG, were served.  (Id.)  On March 28, 2014, Removing Defendant was served.  (Id.)  As of April 14, 2014, the date of Plaintiff's Response to the Motion to Dismiss, Bayer AG had not yet been served.  (Id.)

## III.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court if the federal court has original jurisdiction over the action.  28 U.S.C. § 1441(a). "For removal predicated upon diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant."  In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006) (citing Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d Cir. 2003))[6].  A

---

[6] Diversity of citizenship jurisdiction in federal court has its genesis in Article III, Section 2 of the United States Constitution, which provides that:  "The judicial power shall extend . . . to controversies between citizens of different states . . . ."  Diversity of citizenship jurisdiction has been codified in 28 U.S.C. § 1332(a), which provides:

defendant seeking removal because a federal court has original jurisdiction must do so within thirty days of service of the complaint.  28 U.S.C. § 1446(b).  "The defendants bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

A plaintiff may challenge removal by filing a motion to remand the case to state court. Remand to state court is appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process."  PAS v. Travelers Ins. Co., 7 F.3d 329, 352 (3d Cir. 1993). Upon a motion to remand, "it is always the removing party's burden to prove the propriety of removal, and any doubts about the existence of federal jurisdiction must be resolved in favor of remand."  Lumbermans Mut. Cas. Co. v. Fishman, No. 99-0929, 1999 WL 744016, at *1 (E.D. Pa. Sep. 22, 1999) (citations omitted).

Removing Defendant relies on diversity of citizenship jurisdiction here as the basis for original or subject matter jurisdiction in this Court.  Removal is precluded, however, when one of the defendants is a citizen of the forum state in which a case is brought.  See 28 U.S.C. § 1441(b)(2).  This is known as the "forum defendant rule."  Section 1441(b)(2) states:

> A civil action otherwise removable solely on the basis of the
> jurisdiction under section 1332(a) of this title may not be removed
> if any of the parties in interest properly joined and served as
> defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2).  This rule "recognizes that the rationale for diversity jurisdiction no longer exists when one of the defendants is a citizen of the forum state since the likelihood of

---

(a) The district courts shall have original jurisdiction of all civil actions where the matter
    in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,
    and is between –

(1) Citizens of different States . . . .

28 U.S.C. § 1332(a).

4

bias is reduced, if not eliminated." Allen v. GlaxoSmithKline PLC, No. 07–5045, 2008 WL 2247067, at *4 (E.D.Pa. May 30, 2008) (citing 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3601 (2d ed.1987)).  When a defendant is a citizen of the forum state, then "the likelihood of local bias is reduced, if not eliminated, and removal to a federal forum is not warranted." Id.   Thus, removal is procedurally defective if it violates the forum defendant rule.  Swindell-Filiagg v. CSX Corp., 922 F.Supp.2d 514, 517 (E.D. Pa. 2013).

## IV.    ANALYSIS

As noted, § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of [diversity of citizenship jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants are citizens of the State in which such action is brought."  28 U.S.C. § 1441(b)(2) (emphasis added). [7]  Removing Defendant points to the language "properly joined and served" to argue that removal is permitted by a non-forum defendant prior to service of a forum defendant.  Plaintiff submits that this interpretation is a blatant misreading of the statute that would lead to an absurd result and circumvent the intent of § 1441(b) and the requirements for the exercise of diversity of citizenship jurisdiction by a federal court.

The Third Circuit has not addressed the issue of whether a defendant may remove a case before a forum defendant is served.  Further, the other Circuit Courts of Appeal have provided little guidance on the statutory interpretation of the "properly joined and served" language in § 1441(b), owing to the fact that the order of a district court remanding a case to state court

---

[7] The Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), effective January 6, 2012, placed this provision in a new subsection of 1441 but did not change the wording of the statute.  See Moore's Federal Practice § 1.03(1).

pursuant to § 1441 generally is not reviewable on appeal.  Sullivan v. Novartis Pharmaceuticals Corp., 575 F.Supp. 2d 640, 644 (D. N.J. 2008) (citations omitted).  As a result, courts within the Eastern District of Pennsylvania have split over issue of whether diversity of citizenship jurisdiction resides in the district court before a forum defendant is served and even afterwards. Compare, e.g., Swindell-Filiaggi v. CSX Corp., 922 F. Supp. 2d 514, 521 (E.D. Pa. 2013) (Baylson, J.) (declining to enforce the plain meaning of 28 U.S.C. § 1441(b)(2) because doing so produces a result at odds with Congressional intent); Snider v. Sterling Airways, Inc., 2013 WL 159813, at *2 (E.D. Pa. Jan. 15, 2013) (Joyner, C.J.) (same); In re Avandia Marketing, Sales Practices and Products, 624 F.Supp. 2d 396, (E.D. Pa. 2009) (Rufe, J.) (same) with Boyer v. Wyeth Pharma, Inc., 2012 WL 1449246, at *2 (E.D. Pa. Apr. 26, 2012) (Ludwig, J.) (finding pre-service removal by a non-forum defendant prior to service of the forum defendant proper under § 1441(b)); Valido-Shade v. Wyeth, LLC, 875 F. Supp. 2d 474, 478 (E.D. Pa. 2012) (Bartle, J.) (same); Banks v. Kmart Corp., 2012 WL 707025, *2 (E.D. Pa. Mar. 6, 2012) (Stengel, J.) (same); Vanderwerf v. GlaxoSmithKline, PLC, 2005 WL 6151369, at *1 (E.D. Pa. May 5, 2005) (McLaughlin, J.) (same).

This Court agrees with those courts that have held that the "properly joined and served" requirement of § 1441(b)(2) does not permit removal by a non-forum defendant prior to service of a forum defendant.  There are several reasons why this interpretation is required.  First, the plain meaning of legislation should be conclusive, "except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.  In such cases, the intention of the drafters, rather than the strict language, controls." United States v. Finley, 726 F.3d 483, 494 (3d Cir. 2013) (citing United States v. Ron Pair Enters., 489 U.S. 235, 242 (1989)).  In this regard, the Supreme Court has held that statutes

should not be read to produce absurd results.  United States v. Am. Trucking Ass'ns, Inc., 310 U.S. 534, 542 (1940).  Thus, even if the plain language of § 1441(b)(2) permits removal by a non-forum defendant before any forum defendant is "properly joined and served," the Court may look beyond the plain meaning of the statute because permitting removal by a non-forum defendant would produce an absurd result.[8]

Second, the idea that removability should depend on the timing of service could not have been intended by Congress.  See Sullivan, 575 F.Supp. at 642.  Allowing a defendant to rush to remove a newly filed state court case before the plaintiff has had a chance to effect service on forum defendants would "turn Congressional intent to prevent litigant gamesmanship on its head."  DeAngelo-Shuayto, 2007 U.S. Dist. LEXIS 92557, at *8-15 (D. N.J. Dec. 12, 2007).

Finally, allowing parties to ignore the presence of an unserved forum defendant would encourage a "race to remove," contrary to the core purpose of diversity of citizenship jurisdiction.  Snider, 2013 WL 159813 at *2.   Reading the statute otherwise would undermine the constitutional mandate for federal jurisdiction, the purposes of diversity of citizenship jurisdiction, and the restrictive nature of the removal statute.  In this regard, this Court agrees with the position of Judge Baylson in Swindell-Filiagg:

> The position set forth by Judge Rufe (i.e., that the plain meaning of the "joined and served" requirement should not be read literally when the non-forum defendant has not yet been served) is supported by key principles of statutory interpretation as well as the weight of case law in this District – particularly in light of Chief Judge Joyner's recently issued opinion in Snider, 2013 WL 159813.  Since Congress intended the removal statute to "abridge the right of removal," American Fire, 341 U.S. at 10, 71 S. Ct. 534, it would be absurd to read the statute as encouraging unserved non-forum defendants to "race to remove" before plaintiffs have the

---

[8] No valid distinction should be made between whether the removal is done by an unserved or served non-forum defendant.  The improper manipulation occurs when either one removes a case to federal court before a forum defendant is served.

> practical ability to effectuate service.  Although Judge Bartle and
> Judge Ludwig have rejected this position, it is consistent with most
> of the case law in this District – including this Court's opinion in
> Allen.    Accordingly,  under  the  general  principle  that  statutes
> should not be read to produce absurd results, American Trucking,
> 310 U.S. at 542, 60 S. Ct. 1059, and the specific principle that
> removal statutes should be construed against removal, Shamrock
> Oil, 313 U.S. at 108-09, 61 S. Ct. 868, this Court will grant
> Plaintiffs' Motion to Remand.

Swindell-Filliaggi, 922 F.Supp. at 520-21.

Here, Removing Defendant's interpretation of the removal statute would frustrate the

purpose of diversity of citizenship jurisdiction and provide a vehicle for defendants to

manipulate the operation of the removal statute.  Thus, this Court finds that the application of

§ 1441(b)(2) as argued by Removing Defendant would lead to an absurd result that Congress

could not have intended.  Accordingly, removal by a non-forum defendant prior to service of a

forum defendant is improper under this provision. [9]

## V.      CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand will be granted and the case will

be remanded to the Philadelphia Court of Common Pleas.  An appropriate Order follows.

---

[9]  Plaintiff also argues that remand is appropriate because other Defendants have not joined in
the removal.  (Doc. No. 9-1 at 11.)  Because the Court finds that remand is proper for the
reasons discussed supra, the Court need not address this argument.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VIRGINIA STUNTEBACK,

          Plaintiff,

    v.

JANSSEN RESEARCH & DEVELOPMENT,
LLC, f/k/a JOHNSON AND JOHNSON
PHARMACEUTICAL RESEARCH AND
DEVELOPMENT LLC, et al.,

          Defendants.

CIVIL ACTION
NO. 14-1097

## ORDER

**AND NOW**, this 6th day of June 2014, upon consideration of Plaintiff's Motion to Remand (Doc. No. 9), Defendant's Response (Doc. No. 13), and Plaintiff's Reply (Doc. No. 18), it is **ORDERED** as follows:

1. Plaintiff's Motion to Remand (Doc. No. 9) is **GRANTED**. The case will be remanded to the Philadelphia Court of Common Pleas.

2. The Clerk of Court shall close the above-captioned case for statistical purposes.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

9